**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CASE NO. 4:25-cr-00245** |
| **JOSE FRANCISCO GARCIA-MARTINEZ,** a/k/a "Paco," | |
| **JAMES MICHAEL BREWER,** a/k/a "Creeper," | |
| **JONATHAN ALVARADO,** a/k/a "Joker," | |
| **ENZO XAVIER DOMINGUEZ,** a/k/a "Smiley," | |
| **ALEXIS DELGADO,** a/k/a "Chino," | |
| **HECTOR LUIS LOPEZ,** a/k/a "Capulito," | |
| **JOSE EDUARDO MORALES,** a/k/a "Primo," | |
| **WILLIAM ALEXANDER LAZO,** a/k/a "Miclo," | |
| **KYLIE RAE ALVARADO,** | |
| **RUBY MATA,** | |
| **MEXI DYAN GARCIA,** a/k/a "Mexi," | |
| **ALFREDO GOMEZ,** a/k/a "Fredo," | |
| **MARCOS RENE SIMAJ-GUCH,** a/k/a "Taco Man," | |
| **VICTOR NORRIS ELLISON, and** | |
| **JESUS GOMEZ RODRIGUEZ** a/k/a "JR." | |
| **Defendants.** | |

## <u>MOTION FOR DESIGNATION AS</u>
## <u>COMPLEX CASE AND TOLLING OF SPEEDY TRIAL PROVISIONS</u>

The United States of America, by and through Nicholas J. Ganjei United States Attorney for the Southern District of Texas, Assistant United States Attorney Francisco Rodriguez, and Trial Attorneys Ralph Paradiso and, Amanda Kotula, of the United States Department of Justice, Violent Crime and Racketeering Section, respectfully moves that the Court designate this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) to continue the current motions and trial schedule, including the trial date.

All defense counsel for defendants that have been arrested related to charges in this case have been made aware of the Government's motion and are unopposed, except for counsel for Victor Norris ELLISON who is opposed to the Government's motion.

### PROCEDURAL HISTORY

On May 15, 2025, a grand jury returned an indictment charging fifteen defendants in a 29-count indictment with conspiracy to sell controlled substances, as well as multiple substantive counts including firearm charges. Defendants Jose Francisco GARCIA-MARTINEZ, James Michael BREWER, Jonathan ALVARADO, Enzo Xavier DOMINGUEZ, Alexis DELGADO, Hector Luis LOPEZ, Jose Eduardo MORALES, William Alexander LAZO, Kylie Rae ALVARADO, Ruby MATA, Mexi Dyan GARCIA, and Jesus GOMEZ RODRIGUEZ. have been charged with conspiracy to distribute or possess with intent to distribute a controlled substance and face a mandatory minimum of 10 years and up to Life imprisonment.  Defendants Alfredo GOMEZ, Marcos Rene SIMAJ-GUCH, and Victor Norris ELLISON, have been charged with conspiracy to distribute or possess with intent to distribute a controlled substance and face a mandatory minimum of 5 years and up to 40 years imprisonment.

Defendants  GARCIA-MARTINEZ,  BREWER,  DOMINGUEZ,  DELGADO,  LOPEZ,

MORALES, LAZO, K. ALVARADO, MATA, GARCIA and GOMEZ-RODRIGUEZ were also charged with possession with intent to deliver illegal narcotics and face a mandatory minimum of 10 Years and up to life imprisonment. Defendants GARCIA-MARTINEZ, BREWER, DOMINGUEZ, DELGADO, K. ALVARADO, GOMEZ and ELLISON are also charged with possession with intent to deliver illegal narcotics and face a mandatory minimum of 5 years and up to 40 years imprisonment.

Defendants BREWER, J. ALVARADO, DELGADO, LAZO, GOMEZ, and ELLISON are also charged with possessing firearms in furtherance of a drug trafficking crime and face an additional mandatory minimum of five years and up to life in prison for upon conviction. Defendants BREWER, J. ALVARADO, LOPEZ, GOMEZ, and ELLISON, were also charged with possessing a weapon as convicted felons and face up to 15 years imprisonment.

**LAW**

Pursuant to Title 18, United States Code, § 3161(h)(7)(B)(ii), the Government files this motion to certify the above-referenced case as complex. The Speedy Trial Act, 18 U.S.C. § 3161, et seq., requires that federal criminal defendants pleading not guilty be tried within seventy (70) days of their indictment or their first appearance before a judicial officer, whichever occurs last. 18 U.S.C. § 3161(c)(1); *United States v. Kingston*, 875 F.2d 1091, 1107 (5th Cir. 1989). If the defendant is not brought to trial within this period, then the indictment must be dismissed. 18 U.S.C. § 3162(a)(2). The Speedy Trial Act, however, excludes from the calculation of this 70-day period certain specified delays, including:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay ... shall be excludable ... unless the court sets fourth, in the record of the

case, either orally or in writing, its reasons for finding that the ends of justice
served by granting of such continuance outweigh the best interests of the public
and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In granting such an "ends of justice" continuance, the court must consider at least one of

the factors specified by the Speedy Trial Act. *United States v. Ortega-Mena*, 949 F.2d 156, 159

(5th Cir. 1991). The factors applicable to this case include:

Whether the failure to grant such a continuance in the proceeding would … result in a
miscarriage of justice; (18 U.S.C. § 3161(7)(B)(i));

Whether the case is so unusual or so complex, due to the number of defendants, the
nature of the prosecution, or the existence of novel questions of fact or law, that it is
unreasonable to expect adequate preparation for pretrial proceedings or the trial itself
within the time limits established [by the Speedy Trial Act]; and

Whether the failure to grant such a continuance which, taken as a whole, is so unusual or
so complex as to fall within clause (ii), would ... deny counsel for the defendant or the
attorney for the Government the reasonable time necessary for effective preparation,
taking into account the exercise of due diligence.

18 U.S.C. § 3161(7)(B)(i), (ii) & (iv).

As has been recognized by the Fifth Circuit, a complex case designation based on the

volume of discovery and the complexity of the case is consistent with cases interpreting section

3161(h)(7). *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002), *citing United

States v. Dota*, 33 F.3d 1179, 1183 (9th Cir. 1994) (finding that "[a]n ends-of-justice continuance

may be justified on grounds that one side needs more time to prepare for trial"); *United States v.

Wellington*, 754 F.2d 1457, 1467 (9th Cir. 1985) (upholding the complexity of a mail fraud

prosecution as a proper ground for the granting of a continuance); *United States v. Chalkias,* 971

F.2d 1206, 1211 (6th Cir. 1992) (upholding the grant of a continuance based on the complexity

of an interstate cocaine conspiracy); and *United States v. Thomas,* 774 F.2d 807, 811 (7th Cir.

4

1985) (upholding an ends-of-justice continuance based on the complexity of a fraud case with numerous defendants and thousands of financial documents).

## ARGUMENT

In support of this motion, the Government affirms the following:

a.    the evidence in this case is derived from three Title III judicially ordered wire intercepts, along with extensive physical and technical surveillance, including but not limited to GPS tracking of vehicles and telephones, and body-worn and pole camera footage;

b.    the case involves a significant amount of evidence of each defendant's involvement in the crimes alleged in the indictment;

c.    the case involves the extensive use of fixed law enforcement surveillance over a substantial period of time: the charged conspiracy extends from April 1, 2022 through May 15, 2025;

d.    the discovery to be produced is voluminous and consists of terabytes of data;

e.    at trial, the Government plans to call witnesses from various state and federal agencies that will likely require lengthy coordination and logistical efforts; and

f.    the Government will also present expert testimony in its case-in-chief.

This case and investigation against the defendants is extensive, alleging criminal conduct spanning a period of several years. Additionally, the Government submits that the volume of discovery in this case requires extensive time for potential negotiations and trial preparation. There exists hundreds, if not thousands, of pages of written discovery including agency reports, lab reports, photographs, as well as recordings and transcripts of recorded, Title III intercepted conversations. It is reasonable to believe that an analysis of this information, its admissibility and its impact on the case as a whole in preparation for trial will take more than the seventy days allotted under the Speedy Trial Act. As such, it would be within the Court's discretion to

designate this case as a complex case under which the ends of justice would require a tolling of the Speedy Trial Act.

**CONCLUSION**

Based on the above reasons, the Government respectfully submits that the case is complex, due in part to the number of defendants, the voluminous discovery, and the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established by Title 18, United States Code § 3161.

WHEREFORE, the Government respectfully requests that the Court certify this case as complex, tolling the time limits under the Speedy Trial Act, and that the Court issue a scheduling order reflecting a trial date the Court deems appropriate, considering the matters stated herein.

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

DAVID L. JAFFE
Chief, Violent Crime and Racketeering Section
United States Department of Justice

RALPH PARADISO
AMANDA KOTULA
Trial Attorney
United States Department of Justice
Violent Crime and Racketeering Section
1301 New York Ave. NW, Suite 700
Washington, DC 20005
Email: Ralph.Paradiso@usdoj.gov
Email: Amanda.Kotula@usdoj.gov

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on June 3, 2025, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

_Ralph A. Paradiso_

RALPH PARADISO
Trial Attorney